UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. BROWN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JASON ROSS *ET Al.*, )<br>)<br>    Defendants. )<br>_____) | Civil No. 1:10-1791 (RWR) |

## DEFENDANTS' MOTION TO DISMISS

Defendants Jason Ross, Brenda Boyd, David Chumbley, and Corey Bines (collectively "Defendants")[1] by and through their counsel, and pursuant to Fed. R. Civ. P. 12, respectfully requests that this Court dismiss Plaintiff's Complaint. As explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because (2) Plaintiff's complaint fails to state a claim for relief that can be granted and (2) Plaintiff failed to effectuate proper service on Defendants.

                                      Respectfully submitted,

                                      IRVIN B. NATHAN
                                      Acting Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General
                                      Civil Litigation Division

                                      /s/ Kimberly M. Johnson
                                      KIMBERLY M. JOHNSON [#435163]
                                      Section Chief
                                      General Litigation Section I

                                      /s/ Soriya R. Chhe
                                      SORIYA CHHE [#986736]

---

[1] Defendants do not concede service by filing this motion.

                                Assistant Attorney General
                                441 4th Street, N.W.
                                6th Floor South
                                Washington, D.C. 20001
                                Phone: (202) 724-6522
                                Fax: (202) 727-3625
                                soriya.chhe@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that March 15, 2011, a copy of the foregoing Defendants' Motion to Dismiss Complaint was served by regular mail to:

James Brown
1401 Fairmont Street, N.W. #515
Washington, D.C. 20009
*Plaintiff Pro Se*

                                /s/ Soriya R. Chhe
                                Soriya R. Chhe
                                Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 1:10-1791 (RWR) |
| v. ) | |
| ) | |
| JASON ROSS *ET Al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Jason Ross, Brenda Boyd, David Chumbley, and Corey Bines (collectively "Defendants") by and through their counsel, and pursuant to Fed. R. Civ. P. 12, respectfully requests that this Court dismiss Plaintiff's Complaint. As explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because (2) Plaintiff's complaint fails to state a claim for relief that can be granted and (2) Plaintiff failed to effectuate proper service on Defendants.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the above-captioned complaint *pro-se*, alleging that Defendants violated various common law and Constitutional tort claims. Plaintiff alleges that the Defendants "illegally and unconstitutionally searched and seized" Plaintiff. *See* Complaint ¶ 1. Plaintiff alleges that he suffered mental anguish as a result of the incidents.

In light of the allegations against the Defendants, Plaintiff sought declaratory relief, injunctive relief, compensatory and punitive damages. For the reasons set forth below, dismissal of this complaint is appropriate.

3

## III.  ARGUMENT

**A.  <u>Plaintiff's Complaint Fails to State a Claim Where Relief Can be Granted.</u>**

"[A] pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Williams v. Moore*, 899 F. Supp. 711, 712 (D.D.C. 1995) (quoting *Henthorn v. Department of the Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 500 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557) (alteration marks omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  This facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557) (internal quotation marks omitted).

Although the allegations in the complaint must be taken as true, the Court is "not bound

4

to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (internal quotation marks omitted); see also Iqbal, 129 S. Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration marks omitted).  Under this standard, the instant complaint must be dismissed because Plaintiff's complaint states no factual allegations to support his claims. Plaintiff's complaint solely contains conclusory statements and legal conclusions.  Plaintiff's complaint alleges that Defendants are liable under several different tort theories, but articulates no facts to establish why or even how the Defendants are liable.  Plaintiff's complaint lacks facial plausibility to the extent that it contains no factual content that supports any type of reasonable inference that the defendant is liable for any misconduct alleged.  As such, Plaintiff's complaint should be dismissed because Plaintiff's complaint fails to state a claim upon which relief can be granted.

### B. **Plaintiff's Failed to Effectuate Proper Service in Accordance to Fed. R. Civ. P. 4(e)**

Fed. R. Civ. P. 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Plaintiff filed this complaint on October 25, 2010.  According to Fed. R. Civ. P. 4(m), Plaintiff must effectuate service no later than February 22, 2011.  However, Plaintiff never effectuated service on the Defendants.   Defendants never received a copy

5

of the complaint from Plaintiff. Defendants were only alerted to the lawsuit, when they received their copies of the Motion for Default Judgment by mail. As such, Plaintiff's complaint should be dismissed for lack of service.

### IV.  CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss this matter with prejudice.

                Respectfully submitted,

                IRVIN B. NATHAN
                Acting Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                /s/ Kimberly M. Johnson
                KIMBERLY M. JOHNSON [#435163]
                Section Chief
                General Litigation Section I

                /s/ Soriya R. Chhe
                SORIYA CHHE [#986736]
                Assistant Attorney General
                441 4th Street, N.W.
                6th Floor South
                Washington, D.C. 20001
                Phone: (202) 724-6522
                Fax: (202) 727-3625
                soriya.chhe@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES H. BROWN , )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JASON ROSS *ET Al.,* )<br>)<br>Defendants. )<br>_____) | Civil No. 1:10-1791 (RWR) |

## ORDER

UPON CONSIDERATION of the Defendant's Motion to Dismiss, and any opposition thereto, it is this ____ day of _____, 2011, by the United States District Court for the District of Columbia, hereby

**ORDERED** that the Motion is hereby GRANTED,

**ORDERED** that the complaint is dismissed **with prejudice**.

_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE