UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1791 (RWR) |
| | ) | |
| JASON ROSS, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction.**

Plaintiff commenced this action against Metropolitan Police Department Officers Jason Ross, Brenda Boyd, David Chumbly, and Corey Bines ("Defendants"), alleging various claims stemming from an apparent arrest and search of Plaintiff by Defendants. *See* Compl., ECF No. 1. Defendants have moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defs.' Mot. to Dismiss, ECF No. 6 [hereinafter Mot.]. This motion will be denied without prejudice as to the service of process issue, but the Court will defer ruling on the Rule 12(b)(6) issue. Plaintiff has also moved for default judgment. *See* Plaintiff(s) Motion for Default Judgment, ECF No. 4. That motion will be denied.

**II.   Analysis.**

Federal Rule of Civil Procedure 4 governs the time within which a plaintiff must serve a complaint on a defendant: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  Defendants assert that "Plaintiff filed this complaint on October 25, 2010," thus making service due "no later than February 22, 2011."  Mot. at 5.  Defendants had not been served by the date on which they filed their motion—March 15, 2011.  Defendants therefore ask the Court to dismiss this case under Rule 12(b)(5) for insufficient service of process.  *Id.*

Plaintiff is proceeding pro se and in forma pauperis.  *See* Fiat Order, Oct. 24, 2010 (granting motion for leave to proceed in forma pauperis).  Officers of the Court—not Plaintiff—must therefore serve process on Defendants.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  The U.S. Marshals Service first attempted to personally serve Defendants at their business address in accordance with Federal Rule of Civil Procedure 4(e)(2)(A); this attempt was unsuccessful.  *See* Process Receipts and Returns, ECF No. 8.  The Court thereafter ordered Plaintiff to provide addresses of Defendants' dwellings, usual abodes, or agents, so that service could be attempted under Federal Rule of Civil Procedure 4(e)(2)(B) or (C).  Order, ECF No. 9.  Plaintiff apparently misunderstood what the Court was asking for and simply resubmitted Defendants' business address, along with the address of Defendants' counsel.  Notice of Filing, ECF No. 10.  The Court therefore resorted to the service rules of the District of Columbia Superior Court, as permitted by Federal Rule of Civil Procedure 4(e)(1), and ordered service by registered or certified mail, return receipt requested, to Defendants at their business address in accordance with D.C. Superior Court Rule of Civil Procedure 4(c)(3).  Order, ECF No. 11.

D.C. Rule 4(c)(3) provides that "service . . . may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested."  D.C. Super. Ct. R. Civ. P. 4(c)(3).  That language "indicates that

service is effected by"—i.e., service is complete upon—"*mailing* a copy of the summons and other papers by certified mail, which suggests that proof of actual receipt may not necessarily be required in every case." *Murray v. District of Columbia*, 870 A.2d 25, 27 (D.C. 2005) (dictum). The Clerk of the Court thus served each Defendant in this case by certified mail, return receipt requested, sent on May 3, 2011.  However, even if service initially appears to have been effected by mailing, there is "established District of Columbia precedent that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process."  *Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005) (citing *Larry M. Rosen & Assocs., Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1983); *Morfessis v. Marvins Credit*, 77 A.2d 178, 179-80 (D.C. 1950)).  In this case, the Court received four return receipts, each signed by a person with the last name of Blake, not by the Defendants themselves. It is therefore not clear whether this Blake "meets the appropriate qualifications for receipt of process" by mail.  D.C. Super. Ct. R. Civ. P. 4(*l*)(2).

Because the Court has the responsibility to serve Defendants in this case and because the Court has made multiple efforts to do so, no failure of timely service to date will be attributed to Plaintiff.  Defendants' motion to dismiss under Federal Rule 12(b)(5) asserting that service has not been timely made under Federal Rule 4(m) will be denied without prejudice to Defendants rewriting the motion upon proof that service under D.C. Rule 4(c)(3) was invalid.  In the meantime, the Court will defer ruling on Defendants' motion under Federal Rule 12(b)(6).  In addition, since the record is unclear as to whether service upon Defendants has actually occurred, entry of default judgment under Rule 55(b) would be premature before Plaintiff first seeks and secures entry of default under Rule 55(a), Plaintiff's motion for default judgment will be denied.

## III.     Order.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 6, is **DENIED** in part without prejudice and **DEFERRED** in part.  The motion is denied as to arguments that Defendants have not been properly served with process without prejudice to Defendants rewriting the motion by July 1, 2011 with new proof that they have not been properly served.  The Court defers ruling on whether Plaintiff has failed to state a claim upon which relief can be granted.  It is

**FURTHER ORDERED** that Plaintiff(s) Motion for Default Judgment, ECF No. 4, is **DENIED**.

**SO ORDERED** this 7th day of June, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge